Filed 9/20/23  Brown v. Head CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| LINDSAY M. BROWN, | D080785 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. 37-2022-00017950-CU-HR-EC) |
| LISA HEAD, | |
| Defendant and Appellant. | |


APPEAL from an order of the Superior Court of San Diego County, Mark T. Cumba, Judge.  Affirmed.

Timothy Riley Law and Timothy F. Riley for Defendant and Appellant.

No appearance by Plaintiff and Respondent.


INTRODUCTION

Lisa Head appeals from an order granting her former sister-in-law a three year civil harassment restraining order (CHRO), asserting substantial evidence does not support the order.  We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

On May 12, 2022, Lindsay M. Brown filed a request for a CHRO against Head, her former sister-in-law. In her supporting declaration, Brown set forth the following: Her estranged husband, Head's brother, "murdered [her] boyfriend and then killed himself" in January 2022. Since then, Head "ha[d] been threatening and harassing [her] non-stop." "On the day of the murder/suicide," Head came to Brown's home, "berating" and "cursing at" Brown in front of her children. Brown was "in shock" and "frightened by [Head's] hostile and aggressive behavior." She called the police. Head remained outside her home for "over 30 minutes" and left after officers arrived.

Brown averred that she had received "hundreds of harassing and abusive messages" from Head and her "in laws" since her estranged husband's suicide. In one text message, Head told Brown "she wished [Brown] would get hit by a bus." In a text message sent to Brown's sister, Head stated, " 'I wish my brother would of shot [Brown] instead.' " Brown attached screenshots of these and other text messages to her declaration. She stated she was "scared by [Head's] threats and constant harassment," which caused her "severe anxiety and stress" and made her afraid to leave her home.

On May 12, 2022, the trial court granted Brown a temporary restraining order against Head, but denied her request to include her four minor children as additional protected persons. The court set a hearing on the CHRO request on May 31, 2022.

On May 25, 2022, Head filed a response to the CHRO request, denying she had harassed or threatened Brown and stating she did "not plan on" having any contact, directly or indirectly, with Brown. She admitted she sent

text messages to Brown on February 7, March 29, April 11, and May 9, 2022 but asserted they were for non-harassing purposes (such as requesting her brother's shirts "to make 'hug' pillows for their children") and that Brown "never received" them because, on her end, the messages did not show as " '[d]elivered.' " (Boldface omitted.) Head denied she went to Brown's home the day of "the murder/suicide" but admitted she was there "the morning after." She remained outside Brown's home "for 15 minutes" with her adult son and left, without ever seeing Brown or any police officers. Head also admitted she texted Brown's sister, " 'I wish he'd shot her,' " but explained she was " '[v]enting' " because "emotions were high" after the murder/suicide.

On May 31, 2022, the trial court held an evidentiary hearing on Brown's CHRO request. The hearing was not reported by a court reporter, and there is also no settled statement in the record on appeal. (See Cal. Rules of Court, rule 8.137 (rule 8.137).) According to the court's minute order, Brown, Head, and a witness on behalf of Brown named Sarah T. were sworn and testified. At the conclusion of the hearing, the court issued a three-year CHRO against Head for Brown's protection. The court continued to deny Brown's request to include her four minor children as protected persons.

On June 10, 2022, Head filed a motion for reconsideration pursuant to Code of Civil Procedure section 1008, requesting the trial court reconsider both the issuance and the duration of the CHRO granted to Brown.[1] After arguments at a hearing on August 2, 2022, the court denied Head's motion for reconsideration. The day before, on August 1, Head filed a notice of

---

[1]     Both Brown and Head appeared as self-represented litigants up until this date, when Head was represented by counsel.

appeal, in which she identified only the court's May 31, 2022 order granting the CHRO as the appealed-from order.[2]

## DISCUSSION

On appeal, Head asserts substantial evidence does not support the trial court's order granting the CHRO.[3] We conclude Head has failed to carry her affirmative burden of demonstrating reversible error.

We begin with the fundamental rule of appellate review that "[a] judgment or order of a lower court is presumed to be correct on appeal, and all intendments and presumptions are indulged in favor of its correctness." (*In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1133; accord *Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609 (*Jameson*); *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564 [" 'All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown.' "].) "[T]he burden is on appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment." (*Jameson*, at pp. 608–609; see *Denham* at p. 564.)

"It is well settled, of course, that a party challenging a judgment has the burden of showing reversible error by an adequate record." (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574.) Where the proceedings are not reported, in lieu of a reporter's transcript, an appellant may submit an agreed or settled

---

[2] For this reason, we do not further discuss the motion for reconsideration.

[3] Although Brown has not filed a response brief on appeal, we adhere to the requirement that Head, as the appellant, must affirmatively demonstrate prejudicial error. (*County of San Diego v. P.B.* (2020) 55 Cal.App.5th 1058, 1068.)

4

statement. (Rule 8.137; *Leslie v. Roe* (1974) 41 Cal.App.3d 104, 108.) "Where no reporter's transcript has been provided and no error is apparent on the face of the existing appellate record, the judgment must be *conclusively presumed correct* as to *all evidentiary matters.* To put it another way, it is presumed that the unreported trial testimony would demonstrate the absence of error. [Citation.] The effect of this rule is that an appellant who attacks a judgment but supplies no reporter's transcript [or settled statement] will be precluded from raising an argument as to the sufficiency of the evidence." (*Estate of Fain* (1999) 75 Cal.App.4th 973, 992.) " 'Failure to provide an adequate record on an issue requires that the issue be resolved against [the appellant].' " (*Jameson, supra*, 5 Cal.5th at p. 609.)

Head has failed to provide an adequate record for meaningful appellate review. She has not provided a reporter's transcript or settled statement for the proceedings giving rise to the order she appeals. Although we understand the CHRO evidentiary hearing was not reported, nothing in the record indicates she sought but was unable to obtain a settled statement pursuant to rule 8.137. There is only the court's minute order of May 31, 2022, the limited scope of which emphasizes our inability to meaningfully review the issues Head raises on appeal with the available record.

Without a proper record of the relevant proceedings, we cannot determine what, if any, evidence was presented to the court resulting in the court's May 31, 2022 order granting the three-year CHRO against Head. Consequently, we must presume the evidence supports the trial court's findings and its resulting order was proper based on those findings. (*Jameson, supra*, 5 Cal.5th at p. 609.)

## DISPOSITION

The order is affirmed.

DO, J.

WE CONCUR:

DATO, Acting P. J.

KELETY, J.